**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| TEXAS PRECIOUS METALS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 6:17-CV-37 |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES RESERVE, LLC, | § | |
| d/b/a FEDERATED MINT, | § | |
| | § | |
| *Defendant.* | § | Jury |
| | § | |
| _____ | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Texas Precious Metals, LLC ("TPM") files this Original Complaint against United States Reserve, LLC d/b/a Federated Mint ("USR") and, in support, would respectfully show the following:

**I.      SUMMARY OF THE CASE**

1.      In direct response to the State of Texas's announcement that the legislature had approved the establishment of a Texas precious metals depository, USR recently began the sale of commemorative one ounce silver bullion bars bearing a silhouette of the State of Texas, in direct violation of exclusive trademark rights owned by TPM.  USR's actions intentionally and willfully infringe upon TPM's intellectual property rights. USR's actions are also violations of the unfair competition laws of the State of Texas. USR's actions have resulted in, and likely will result in, unreasonable confusion in the marketplace, causing damage to TPM. Through this suit, TPM seeks to protect its validly held trademark rights.

II.     **PARTIES**

2.      Plaintiff, Texas Precious Metals, LLC, is a Texas limited liability company, whose principal place of business is located in Shiner, Lavaca County, Texas—in this District and Division.

3.      Defendant, United States Reserve, LLC, d/b/a Federated Mint, is an Ohio limited liability company, with its principal place of business in the State of Ohio, and which does extensive business in this State and District.  Defendant United States Reserve, LLC does business under the trade name, "Federated Mint."  This defendant may be served through its registered agent for service, The John Becker Law Firm, LLC, P.O. Box 139, Hinckley, Ohio 44233. This Defendant caused advertisements to sell its infringing products to be published in this District and Division.

III.    **NATURE OF THE ACTION AND JURISDICTION**

4.      This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., state and common law trademark infringement and unfair competition under Tex. Bus. & Comm. Code, § 16.29 and the common law of the state of Texas.

5.      This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over Plaintiff TMP's claims under state law pursuant to 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Defendant, USR, because, *inter alia,* it does business in this District and because the conduct complained of in this Complaint occurred in this District and Division.

7.      Venue is proper in this District and Division, pursuant to 28 U.S.C. §1391.

## IV.   <u>FACTS COMMON TO ALL CLAIMS ASSERTED</u>

8.     Officials within the State of Texas have worked for several years to establish a depository for precious metals within Texas. Recently, after a positive vote, Texas publicly announced that it would establish the Texas Bullion Depository. Such depository will be operated by a private contractor, and will be supervised by the Texas comptroller's office. The announcement, as well as the work leading up to it, were met with much media attention.

9.     On information and belief, and based on its recent marketing efforts, it is clear that USR is attempting to use the publicity surrounding the Texas Bullion Depository to increase its sales of commemorative Texas based bullion.

10.     On June 16, 2017, Defendant USR placed a full-page advertisement for the "New Texas State Silver 100" in the USA Today insert of the Victoria Advocate, a newspaper serving Victoria, Texas. Several images from the advertisement of the "Texas State Silver 100," USR's commemorative silver bullion bar have been reproduced below:



11.     The advertisement in question displays the silhouette of the State of Texas pressed into USR's commemorative "Texas State Silver 100," listed above as the "State Symbol."

12.     Concurrently, USR marketed an additional product, its "Texas State Silver Bar" for sale on its website, http://federatedmint.com/silver-bars/TX.   The advertisement reads "Federated Mint is excited to offer the NEW and EXCLUSIVE Texas State Silver Bar." The webpage has been reproduced in full below:



13.     An enlarged image of the Federated Mint Texas State Silver Bar displays the silhouette of the State of Texas pressed into one side of a silver bullion bar, as seen below:



14.     The Texas State Silver Bar is also available for sale on USR's website as one of the featured "State Silver Vault Bricks," a package of five Texas State Silver Bars, available for purchase as the "Texas Vault Brick." The advertisement page has been reproduced below:



15.     Additionally, the Texas State Silver Bar is available in another USR product listing, the "State Silver 50 State Collection," which includes a Texas State Silver Bar. The "State Silver 50 State Collection" has been reproduced below:



### A. TPM'S Hard-Earned Reputation and Well-Known Brand

16.     Founded in 2011, TPM is an operational subsidiary of Kaspar Companies, Inc., a 118 year-old, fifth-generation, family-owned Texas business with more than 500 employees. TPM enjoys a sterling reputation in both the precious metals market and the community.

17.     In its five-year history, TPM has processed more than half a billion dollars in client transactions in excess of over 35,000 orders, accounting for more than 261,000 troy ounces of gold (8 metric tons) and 8.8 million ounces of silver (274 metric tons).

18.     TPM presently operates a highly trafficked e-commerce platform, www.texmetals.com, as well as a retail location. The company offers precious metals, commemorative coins, and bullion for sale by phone, in person, as well as online.

19.     TPM has shipped product to all fifty states and has been the number one seller of precious metals coins on www.Amazon.com. TPM's corporate partnership with shipping provider UPS is so strong that TPM has been featured by UPS in a national television commercial.

20.     TPM is rated A+ with the Better Business Bureau, and has been recognized by the United States Mint as a national bullion dealer.

21.     In 2014, TPM was recognized as the "Number 1 Fastest Growing Aggie-Owned or Led Business in the World" by Texas A&M University.  In 2015, Inc. Magazine named TPM as the 200th Fastest Growing Private Company in America.

22.     Today, TPM has become a well-known nationwide brand across the United States and beyond.

23.     TPM strives to set itself apart through concentration on and understanding of the retail customer. Customer approval ratings are consistently the best in the industry. Unlike companies primarily engaged in business-to-business relationships, employees of TPM interface directly with retail customers every business day.

**B.   TPM's Well-Known Trademarks and Reputation**

24.     TPM first used the silhouette of the State of Texas as a service mark on March 31, 2011, and first used the service mark in commerce that same day.

25.     TPM owns the following United States Trademark Registrations in connection with the silhouette of the State of Texas, as seen below:



26.     U.S. Reg. No. 5,113,005, used in connection with "Online retail store featuring gold and silver and other rare metals, coins, and bullion" in International Class 35. This trademark was registered on the Principal Register on January 3, 2017, and has become incontestable.

27.     U.S. Reg. No. 5,113,004, used in connection with "Precious metals; non-monetary coins, namely, rounds, and bullion" in International Class 14. This trademark was registered on January 3, 2017, and has become incontestable.

28.     Additionally, TPM owns a federal trademark, Reg. No. 4,788,152 in connection with "a circle with the words "Texas" at the top edge of the circle, and "Precious Metals" at the bottom edge of the circle; in the center of the circle there is a drawing of the State of Texas having an overlay drawing of a five-pointed star" used in connection with "Non-Monetary coins, in International Class 14. This trademark was registered on August 11, 2015. The image associated with the trademark can be seen below:



29.     TPM has expended considerable effort, time, and money in offering quality products and services under these Marks. As a result, the Marks have come to identify the business, services, and products of TPM. Such marks, with regard to sales of precious metals, have become distinctive, and have obtained a meaning and significance beyond the shape of the State of Texas.

30.     As the exclusive holder of Federally Registered Trademarks of the State of Texas on precious metals, commemorative coins, and bullion, TPM has expended considerable effort growing its business and reputation in the marketplace. TPM has vigorously maintained and defended its Federally Registered Trademarks, and plans to continue to defend its valid intellectual property rights according to the law.

31.     As an example, TPM utilizes a trademark on at least two of its major products: "10 Oz Texas Silver Bar" (a ten-ounce commemorative silver bullion bar) and the "Texas Silver Round" (a ten-ounce commemorative silver bullion bar).  The Texas Silver Round has grown to become one of the most popular precious metals products sold in Texas. Since 2013, TPM has sold more than two million Texas Silver Rounds into circulation.  The 10 Oz Texas Silver Bar and the Texas Silver Round have helped TPM become a household name for precious metals in Texas.

32.     The Texas Silver Round features the famous Texas Star in the foreground, as well as the shape of the State of Texas. The Silver Round has been produced and sold by TPM for at least five years, has sold more than 2 million individual coins, and has become a staple in the TPM product line. An image of the Texas Silver Round can be seen below:



33.     The Texas Silver Round has grown to become one of the most popular precious metals products in Texas. TPM has spent considerable time, effort, and money marketing the Texas Silver Round, and thus developing the trademarks in question.

34.     TPM advertises its Texas Silver Round online at https://www.texmetals.com/2017-texas-silver-round, as well as in print media. An image from its online advertisement of the product can be seen below:



35.     The Texas Silver Bar, as seen below, features the iconic geographic shape of the State of Texas, along with the Registered Trademark symbol "®" indicating that TPM owns the rights to this symbol. The reverse of the bar features roughly 50 full-size icons of the same silhouette of the State of Texas, along with another "®" symbol featured in a small 5-pointed star. Each bar measures 88.9 mm x 50.8 mm x 6.35 mm. Both the weight of the bar and the purity are guaranteed by TPM.



36.     TPM advertises its 10-ounce Silver Bar online at https://www.texmetals.com/10-oz-texas-silver-bar, as well as in print media. An image from its online advertisement of the product can be seen below:



C.  **USR's Infringing Activities**

37.     As set forth above, Defendant USR's use of the silhouette of the State of Texas on its silver bullion bars, and advertisement of the same, is in clear violation of Plaintiff TPM's intellectual property rights and validly held trademarks. A side-by-side comparison demonstrates the blatant infringing use of TPM's Federally Registered Trademark.




USR's "Texas State Silver 100"                                    TPM's Federal Trademark

38.     A side-by-side comparison of USR's "Texas State Silver Bar" and TPM's "10 Oz Texas Silver Bar" shows clearly competitive products with confusingly similar marks.




39.     Defendant USR's use of the silhouette of the State of Texas on its silver bullion bars is also likely to cause confusion as to association, sponsorship, or affiliation between TPM and USR, thereby causing reputational harm to TPM.

40.     In stark contrast to the reputation and renown of TPM regarding the sale of precious metals and bullion, online sales, and nationwide and worldwide recognition, USR demonstrates no recognition in the United States or otherwise.

41.     Federated Mint's website makes no mention of any business recognition at all.

42.     United States Reserve, LLC (the actual company that does business under the trade name "Federated Mint") has no online presence.

43.     TPM and USR are competitors in the online sale of precious metals, including but not limited to, bullion.  TPM is, and will continue to be, damaged by such false association between the two competing companies.

44.     Defendant USR's use of the silhouette of Texas in connection with the sale of precious metals is also likely to cause confusion, mistake, or deception of the affiliation, connection, or association of USR's business and its association with TPM's business and its products.

## V.     COUNT I: INFRINGEMENT OF FEDERAL TRADEMARK

45.     TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

46.     Defendant USR's use of TPM's trademarks, or marks confusingly similar thereto, is likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitutes federal trademark infringement in violation of 15 U.S.C. § 1114(1).

47.     Because of USR's conduct, TPM has suffered, will suffer and continues to suffer damages including, without limitation, the loss of revenue and reputation but for USR's acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in TPM's trademarks.

48.      As a direct and proximate result of USR's above-described conduct, USR has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

49.      Unless enjoined by this Court, USR's above-described conduct will cause irreparable injury, for which TPM has no adequate remedy at law, in the nature of injury to the reputation and goodwill of TPM's trademarks as well as confusion and deception among customers. TPM is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

50.      USR's actions were taken in willful, deliberate, and/or intentional disregard of TPM's rights. TPM is entitled to recover treble damages, TPM's attorney's fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## VI.   COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

51.      TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

52.      The acts of USR complained of herein constitute unfair competition and false designation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.      USR's activities are likely to cause confusion, or to cause mistake or to deceive as to affiliation, connection, or association of USR and its goods and services with TPM, or as to the origin, sponsorship or approval of USR's goods and services by TPM, all in violation of 15 U.S.C. § 1125(a).

54.      Because of USR's conduct, TPM has suffered, will suffer and/or continues to suffer damages including, without limitation, the loss of revenue and reputation but for USR's acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in TPM's trademarks.

55.     As a direct and proximate result of USR's above-described conduct, USR has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

56.     Unless enjoined by this Court, USR's above-described conduct will cause irreparable injury, for which TPM has no adequate remedy at law, in the nature of injury to the reputation and goodwill of TPM's trademarks as well as confusion and deception among customers. TPM  is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

57.     USR's actions were taken in willful, deliberate, and/or intentional disregard of TPM's rights.   TPM is entitled to recover treble damages, TPM's attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## VII.   COUNT III: FEDERAL FALSE ADVERTISING

58.     TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

59.     The acts of USR complained of herein constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1) (B).

60.     As stated above, USR has made and continues to make false, misleading and inaccurate statements regarding TPM, its connection with TPM, and has failed to correct those known incorrect opinions formed from USR's advertising and commercial speech.

61.     TPM and USR are competitors in the precious metals industry, and TPM believes it is, or is likely to be, damaged by such false, misleading and inaccurate statements and omissions. TPM has a reasonable basis for believing its interests are likely to be damaged because there is both a likely injury in the form of lost revenue, lost market share and damaged

goodwill. USR's false, misleading and inaccurate statements and omissions have caused those injuries.

62.     Because of USR's conduct, TPM has suffered, will suffer and/or continues to suffer damages including, without limitation, the loss of revenue and reputation but for USR's acts, in an amount to be proven at trial and the loss of goodwill and exclusivity in TPM's trademarks.

63.     As a direct and proximate result of USR's above-described conduct, USR has been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

64.     Unless enjoined by this Court, USR's above-described conduct will cause irreparable injury, for which TPM has no adequate remedy at law, in the nature of injury to the reputation and goodwill of TPM's trademarks as well as confusion and deception among customers. TPM is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

65.     USR's actions were taken in willful, deliberate, and/or intentional disregard of TPM's rights. TPM is entitled to recover treble damages, TPM's attorney's fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117.

## VIII.    COUNT IV: FEDERAL DILUTION BY BLURRING OR TARNISHMENT

66.     TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

67.     By the actions set forth above, USR has commenced use of a mark or trade name in commerce that is likely to cause dilution by blurring and/or tarnishment of TPM's famous marks, and TPM is entitled to injunctive relief to prevent the same under 17 U.S.C. § 1125(c)(1).

68.     TPM' trademarks are distinctive and famous marks. TPM's trademarks have long been used on and in connection with TPM's services, have long been the subject of substantial advertising and promotion, and are widely recognized by the public.

69.     USR's acts as alleged above were commenced and committed from a time well after TPM's trademarks became famous.

70.     USR's acts have lessened the capacity of TPM's trademarks to identify and distinguish the precious metals services and sales of TPM. Accordingly, USR's acts are in violation of 15 U.S.C. § 1125(c)(1) in that they have caused a dilution of the distinctive quality of TPM's trademarks all to the irreparable injury and damage of TPM.

## IX.   COUNT V: STATE UNFAIR COMPENTION, TEXAS BUS. & COMM. CODE, § 16.29

71.     TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

72.     The actions of USR complained of above constitute unfair competition in violation of the law of the State of Texas.

73.     USR's use of TPM's trademark, the silhouette of the State of Texas on its silver bullion, is calculated to device the relevant consuming public into accepting and purchasing USR's products and services in the mistaken belief that they are TPM's services, or that they are sponsored by, connected with, or supplied under the supervision of TPM.

74.     USR's adoption and use of the accused mark on its goods and services constitutes unfair competition.  By such use, USR has represented that its goods and services are actually those supplied by TPM.  This use creates a likelihood that the public will be confused or deceived.

75.     USR's actions constitute dilution, unfair competition, palming off, passing off, unjust enrichment and misappropriation of TPM's rights under Tex. Bus. & Comm. Code, § 16.29 and the common law of the State of Texas.  Such actions permit, and will continue to permit, USR to use and benefit from the goodwill and reputation earned by TPM to readily obtain customer acceptance of the goods and services offered for sale, and to give USR's goods and services a salability they would not otherwise have, all at TPM's expense.

76.     As a result of USR's acts, TPM has already suffered damage and will continue to suffer damage, while USR profits at TPM's expense.  USR's activities entitle TPM to USR's profits and to damages for such acts of unfair competition.

77.     Unless USR is enjoined, TPM has no adequate remedy at law and will be irreparably harmed.

78.     USR's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of TPM's rights and with intent to cause confusion, dilution, and to trade off TPM's vast good will in its trademarks, making this an exceptional case and entitling TPM to enhanced damages and attorney's fees.

## X.     COUNT VI: INFRINGEMENT OF COMMON LAW TRADEMARK

79.     TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

80.     USR's acts described above constitute common law trademark infringement.

81.     Because of USR's above-described conduct, TPM has suffered and continues to suffer damages including, without limitation, unjust enrichment damages, in an amount to be

proven at trial based on UST's gross sales less only elements of costs or deductions allowed by this Court.

82. USR's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of TPM's rights and with intent to cause confusion, dilution and to trade off of the vase goodwill in TPM's trademarks, making this an exceptional case and entitling TPM to enhanced damages and attorney's fees at least as provided under Texas Civil Practice & Remedies Code § 41.003.

## XI. COUNT VII: COMMON LAW UNFAIR COMPETITION

83. TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

84. USR's activities complained of constitute common law unfair competition under Texas common law in that they are likely to cause consumers to believe that USR's products originate from the same source as, or are sponsored or approved by TPM, or that there is an association, affiliation or connection between USR and TPM.

85. Upon information and belief, USR's actions are with the knowledge of TPM's trademark and with the intent to cause confusion and/or trade on TPM's reputation and goodwill.

86. TPM has and will continue to be irreparably harmed and damaged by USR's conduct and TPM lacks an adequate remedy at law to compensate for this harm and damage.

## XII. REQUEST FOR INJUNCTION RELIEF

87. TPM repeats the allegations of the preceding paragraphs as if fully set forth herein.

88. As set forth above, USR's marketing and sale of commemorative one ounce silver bullion bars bearing a silhouette of the State of Texas violates TPM's exclusive trademark. Such

conduct also constitutes violations of the unfair competition laws in the State of Texas.  USR's actions have resulted in, and will continue to result in, confusion in the marketplace.

89.     As a consequence of the foregoing, TPM has suffered and will continue to suffer irreparable harm and loss, and has sustained damages including but not limited to loss of valuable business, lost profits and future profits, and loss of good will, which damages are ongoing and continue unabated.

90.     Unless immediately restrained, Defendant USR will continue to cause irreparable harm to TPM for which there is no adequate remedy at law, including, without limitation, loss of existing customers and employees, loss of business opportunities, and loss of goodwill and business reputation.

91.     Money damages cannot adequately compensate TPM.  As a result, TPM seeks a temporary restraining order until a date for hearing (not to exceed fourteen days from the date of the order) and, after notice and a hearing, a temporary injunction preventing USR from marketing products in violation of TPM's trademark rights.   Upon final trial, TPM will also seek a permanent injunction to enjoin such activities.  This injunction relief is necessary to preserve TPM's rights pending a trial on the merits of this action.

92.     There is a substantial likelihood that TPM will prevail on the merits.  As set forth herein, TPM owns valid and valued trademarks rights and Defendant USR is clearing marketing products that infringe on TPM's trademarks.

93.     The actual and future injury to TPM outweighs any possible damage to USR because USR is clearly violating TPM's trademark rights and is otherwise violating federal and Texas law in doing so.

94.     The public interest is served by a temporary restraining order and injunction because the public has an interest in the protections of the trademark rights of United States companies.

95.     Accordingly, Plaintiff TPM requests that this Court:

a.     Issue a temporary restraining order that USR and all agents, servants, employees, and all those persons in active concert or participation with any of them, be preliminarily enjoined from and ordered to:

i.     Cease using TPM's trademarks, and any other mark that is confusingly similar to any of TPM's trademarks, including, but not limited to the silhouette of the State of Texas on precious metals, bullion, commemorative coins, or in the sale or advertisement of precious metals, bullion, or commemorative coins;

ii.     Cease using TPM's trademarks, or any other mark that is likely to cause confusion, in any manner that violates the rights of TPM;

iii.     Modify all of USR's signage, advertising, social media usage, product packaging, and promotional material to eliminate infringement of TPM's trademark and exclusive rights.

b.     Issue a preliminary injunction, enjoining and restraining USR from the foregoing conduct.

c.     Upon final trial, issue a permanent injunction enjoining and restraining USR from the foregoing conduct, and requiring USR to destroy of all infringing works, business materials, brochures, web pages, advertising, signage, temporary signage of

logos, invoices, business cards, or business materials, sales decks, and the like within the care, custody or control of USR that violate the rights of TPM.

**XIII.  <u>DAMAGES</u>**

96.     As set forth above, TPM has suffered damages as a result of USR's infringement and unfair competition.   TPM seeks recovery of its actual damages, and treble damages.

97.     TPM seeks an order of accounting to determine USR's profits resulting from USR's activities complained of herein, and that such profits be paid over to TPM, increased as the Court finds to be just under the circumstances of this case;

98.     TPM seeks be awarded statutory damages, costs and fees as provided for in 15 U.S.C. § 1117(d), and applicable Texas Statutes.

99.     TPM seeks costs of this action and prejudgment and post-judgment interest, and attorney fees.

**XIV.  <u>JURY DEMAND</u>**

100.    TPM respectfully requests a trial by jury.


**<u>PRAYER</u>**

Wherefore, Plaintiff TPM respectfully requests that this Court:

a. Issue a temporary restraining order enjoining USR from engaging in the acts described above;

b. After a hearing, issue a temporary injunction as requested above pending a trial on the merits;

c. After a trial on the merits, issue a permanent injunction as requested above;

d. Award actual damages, including lost profits, unjust enrichment and disgorgement

damages;

e. Award exemplary and damages;

f. Pre-judgment and post-judgment interest;

g. Award Attorney's fees and costs of suit;

h. And all other relief, in law and in equity, to which TPM may be entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
Attorney in Charge
Texas Bar No. 24001820
S.D. Tex. No. 22679
tbuzbee@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, TX 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

**ATTORNEYS FOR PLAINTIFF**