UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| TEXAS PRECIOUS METALS, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:17-CV-37 |
| § | |
| UNITED STATES RESERVE, LLC D/B/A § | |
| FEDERATED MINT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On June 19, 2017, at 9:00 PM, Texas Precious Metals, ("TPM") a private LLC based in Shiner, Texas, filed a trademark infringement lawsuit in this Court against a single defendant—US Reserve, LLC ("USR"), an Ohio-based LLC. Both TPM and USR make and sell commemorative bars and coins. TPM alleges that USR has recently begun making and selling a series of products that are deceptively similar to a series of products that TPM makes, and for which TPM has a registered US trademark. Hours later, TPM filed an Application for a Temporary Restraining Order, seeking an *ex parte* temporary restraining order ("TRO") from this Court. For the reasons set out below, TPM's application for an *ex parte* TRO is **DENIED**.

"To obtain a temporary restraining order or preliminary injunction, a plaintiff must establish the following elements by a preponderance of the evidence: (1) there is a substantial likelihood of success on the merits; (2) there is a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury

outweighs the threatened harm to the defendant; and (4) granting the preliminary injunction will not disserve the public interest." *Khan v. Fort Bend Independent School District*, 561 F. Supp. 2d 760, 763 (S.D. Tex. 2008) (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)).

The verification for the Application comes from the Chief Operating Officer of TPM. His verification is one paragraph, and it simply states that he has read the Complaint and Application for TRO and that "the facts stated in paragraphs 8 through 44 are within his personal knowledge and/or based upon information provided to him in the performance of his duties and are true and correct to the best of his knowledge, information, and belief." Dkt. 2-2, pg. 1. However, the "facts stated in paragraphs 8 through 44" are themselves mainly allegations and legal conclusions, and they do not show a substantial threat that irreparable injury will result if the injunction is not granted. By the same token, the "facts stated in paragraphs 8 through 44" fail to discuss, with any degree of particularity, whether the threatened injury to TPM outweighs the threatened harm to the defendant, or whether granting the preliminary injunction will not disserve the public interest. In other words, even if the Court were inclined at this stage to grant the TRO, there is nothing in the Application upon which the Court could base a ruling in favor of TPM, and there is no way for the Court to evaluate the appropriate amount of security that TPM should post under Rule 65(c).

Even more fatal is the fact that there is no support for TPM's request that the TRO be issued *ex parte*, without notice to the Defendant. The Federal Rules of Civil Procedure

plainly state that a court may issue a temporary restraining order without notice to the other party or its attorney ***only*** if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and*** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). Further, the Court's order must "describe the injury and state why it is irreparable [and] state why the order was issued without notice[.]" FED. R. CIV. P. 65(b)(2).

Other courts have voiced similar concerns and "skepticism" about similar requests for *ex parte* TROs. As United States Judge Sim T. Lake recently stated, "A TRO is an equitable remedy, and one who seeks equity must do equity, which in this instance includes fulfilling one's obligation to communicate with adverse parties." *Camber Energy, Inc., Plaintiff*, v. *Discover Growth Fund, & Fifth Third Securities, Inc., Defendants*., CV H-17-1436, 2017 WL 1969682, at *1 (S.D. Tex. May 11, 2017) (Lake, J.) (considering "the timing of the motion, the relationship between the parties, the threat that Camber describes, and whether any alleged injury is irreparable," and noting, "Camber filed a fifty-page Petition supported by an affidavit signed on May 5, 2017. These filings required time to prepare, yet there is no evidence that Camber attempted to notify Defendants in an attempt to avert the alleged disaster."); *see also Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22, 129 S. Ct. 365, 172 L.Ed. 2d 249 (2008) (noting, "[i]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Here, TPM has made no effort to comply with the requirements of Federal Rule 65(b)(1)(B). Nor is there any certificate of conference or service accompanying the Application for a TRO, which might indicate to the Court that TPM is making good faith efforts to comply with its obligations to do equity when seeking an extraordinary equitable remedy.

## CONCLUSION

Accordingly, TPM's current application for an *ex parte* TRO is **DENIED**.

SIGNED this 21st day of June, 2017.

_____
George C. Hanks Jr.
United States District Judge